Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br>Recurrido<br><br><br>v.<br><br><br>VALERY CUETO GONZÁLEZ<br>Peticionaria | TA2026CE00585 | *Certiorari*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala de<br>Bayamón<br><br>Caso Núm.<br>DMG2025M0164<br><br>Sobre:<br>Art. 279 (B) CP 2012<br>Descubrimiento de<br>Prueba |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de junio de 2026.

Comparece la señora Valery Cueto González (señora Cueto González o peticionaria), a través de recurso de *certiorari,* solicitando que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 6 de abril de 2026, notificada al próximo día. Mediante dicho dictamen el foro recurrido declaró *No Ha Lugar* la *Moción al Amparo de la Regla 64(p) de las de Procedimiento Criminal,* instada por la señora Cueto González.

Juzga la peticionaria que incidió el TPI al así determinar, por cuanto no celebró una vista evidenciaria para dilucidar si el Pueblo contaba con causa probable para expedir una orden de registro y allanamiento con el propósito de obtener material genético.

No obstante, previo a la consideración de tal asunto se nos impone atender una interrogante de carácter jurisdiccional, atinente a la oportuna presentación del recurso de *certioriari* ante este Tribunal de Apelaciones. Según es conocido, en toda situación jurídica los foros adjudicativos debemos

considerar, en primer lugar, el aspecto jurisdiccional. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).

## I. Resumen del tracto procesal

Limitándonos a recoger las incidencias procesales que informan la controversia jurisdiccional ante nuestra consideración, el 7 de noviembre de 2025, el Ministerio Público presentó una denuncia contra la peticionaria por presuntamente violar el Artículo 279(b) del Código Penal de Puerto Rico, Ley Núm. 145-2012, según enmendada, 33 LPRA sec. 5372, sobre desacato por desobedecer una *Orden* del tribunal. El desacato impuesto por el Tribunal a la peticionaria trató sobre el incumplimiento por esta de una *Orden* emitida para extraerle material genético.

Posterior a la determinación de Causa por infracción al delito citado, la peticionaria presentó una *Moción al Amparo de la Regla 64(p) de las de Procedimiento Criminal*[1], el 11 de febrero de 2026.

En desacuerdo, el 6 de marzo de 2026, el Ministerio Público presentó un *Escrito en Oposición a Moción al Amparo de la Regla 64(p) de las de Procedimiento Criminal*.

Habiendo examinado los escritos de las partes, el TPI declaró *No Ha Lugar* la solicitud de la peticionaria el 6 de abril de 2026, **notificando esta resolución el 7 del mismo mes y año**.

Según adelantamos, es de dicho dictamen del cual recurre ante nosotros la peticionaria, mediante la presentación de un recurso de *certiorari*, **instado el 11 de mayo de 2026**.

En igual fecha, la peticionaria también presentó ante nosotros una *Moción Urgente Informativa*. En este escrito la peticionaria inició por reconocer que el término para instar el recurso de *certiorari* vencía el 7 de mayo de 2026. A pesar de ello, sostuvo que realizó múltiples diligencias para presentar el recurso en dicha fecha a través del sistema de SUMAC, pero este no le permitió entrar el jueves (7 de mayo), ni el viernes (8 de mayo). Adujo que, en

---

[1] Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap, II.

consecuencia, llamó a los números de Asistencia del Sistema de SUMAC, en los cuales se le informó **que el sistema se encontraba en mantenimiento**. Ante ello, fue instruida a enviar un correo electrónico con evidencia de los intentos de radicación. Que, el 11 de mayo de 2026, logró presentar el recurso mediante SUMAC. Entonces, al juzgar que lo explicado constituía justa causa para conceder la prórroga al término de presentación del recurso de *certiorari*, solicitó que autorizáramos la extensión del término al 11 de mayo de 2026.

Visto lo expuesto por la peticionaria en el párrafo que antecede, emitimos una *Resolución* el 12 de mayo de 2026, concediéndole cinco (5) días a las partes para que argumentaran sobre nuestra jurisdicción para intervenir en el recurso de *certiorari* instado, tomando en consideración el precedente que sobre el tema estableció nuestro Tribunal Supremo en *Ada Mojica Rodríguez v. ESSROC, San Juan Italcementi Group*, 2026 TSPR 47, 2018 DPR ___ (2026).

En atención a ello, el 20 de mayo de 2026, la peticionaria presentó una *Moción en Cumplimiento de Orden*. Sostuvo que demostró la debida diligencia para presentar su recurso oportunamente, siendo razón por la cual no se pudo presentar a través de SUMAC que la plataforma estaba fuera de servicio, por lo que evidenció sus intentos realizados de buena fe para la presentación oportuna. Arguyó que no le aplicaban ninguna de las excepciones contenidas en la Directriz Administrativa, *infra*, relativas a la presentación física del recurso en la Secretaría o en el buzón de este Tribunal cuando no es posible radicarlo electrónicamente. Enfatizó en los principios de justicia apelativa y acceso a los tribunales como elementos a considerar para permitir que su recurso se vea en los méritos.

En oposición, el Ministerio Público, a través de la Oficina del Procurador General (el Procurador) presentó un *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*. Afirmó que carecemos de jurisdicción para atender el recurso de *certiorari* en sus méritos puesto que la peticionaria "no cumplió con los parámetros establecidos en cuanto a los canales alternos de presentación autorizados para presentar su recurso dentro del término

aplicable [de] cumplimiento estricto".[2] En específico, argumentó que, conforme a las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos mediante el Sistema Unificado de Manejo y Administración de Casos, según enmendadas, ante los problemas técnicos que tuvo SUMAC por mantenimiento, **la peticionaria debió presentar su recurso personalmente en la Secretaría o depositarlo en el buzón de presentaciones de este Tribunal**. **En la alternativa, debió enviar el recurso junto con la documentación necesaria que acreditara las diligencias empleadas para la presentación mediante los correos electrónicos que se indican en las Directrices Administrativas**.

Con el beneficio de la comparecencia de las partes, disponemos del asunto concerniente a nuestra jurisdicción para atender el recurso presentado.

**II. Exposición de Derecho**

a.

La jurisdicción se ha definido como el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. Mun. Aguada v. W. COnst. y Recovery Finance, 214 DPR 432, 448 (2024); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, aun cuando ninguna de las partes invoque tal defecto. *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 268; *Yumac Home v. Empresas Massó*, supra, pág. 103; *Horizon Media v. Jta. Revisora, RA Holdings*, supra, pág. 234. Por lo anterior, tanto los foros de instancia como los foros apelativos tienen el deber de analizar de forma prioritaria si poseen jurisdicción para atender las controversias que le sean presentadas. *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 268; *Horizon Media v. Jta. Revisora, RA Holdings*,

---

[2] *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*, Entrada Núm. 6 de SUMAC (TA), pág. 2.

supra, págs. 233-234; *Shell v. Srio. Hacienda*, 187 DPR 109, págs. 122-123 (2012).

Una de las instancias en las que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío. *Mojica Rodríguez v. ESSROC*, supra; *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Pueblo v. Ríos Nieves*, 209 DPR 264, 274 (2022).

Respecto a las consecuencias que acarrea la desestimación de un recurso por el defecto de ser tardío, hemos resuelto que esta priva fatalmente a la parte de presentarlo nuevamente ante cualquier foro. *Mojica Rodríguez v. ESSROC*, supra; *Yumac Home v. Empresas Massó, supra*, pág. 107. Esto responde a que la falta de jurisdicción no es susceptible de ser subsanada y las partes no pueden voluntariamente otorgarle jurisdicción al tribunal ni este puede adjudicársela. A esos efectos, la Regla 83 del Reglamento del Tribunal de Apelaciones, *In re Enmdas. Reglamento TA, supra*, preceptúa que el foro intermedio posee la facultad para, a iniciativa propia o a solicitud de parte, desestimar un recurso por falta de jurisdicción.

Sin embargo, al ponderar si procede la desestimación, los tribunales deben hacer un balance entre los intereses en pugna que incluyen, por un lado, la mencionada política judicial de atender los casos en sus méritos y, por el otro, procurar la rápida dilucidación de las controversias. *Mojica Rodríguez v. ESSROC*, supra; *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 264 (2021).

b.

En nuestro ordenamiento jurídico, existe un conjunto de normas que rige la práctica apelativa puertorriqueña. *Mojica Rodríguez v. ESSROC*, supra; *Freire Ruiz de Val et al v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2025). Al respecto, nuestro Tribunal Supremo ha sido enfático en que el incumplimiento con las normas de los tribunales apelativos impide la revisión judicial. *Mojica Rodríguez v. ESSROC*, supra; *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90-91 (2013). Por tanto, las disposiciones reglamentarias

en cuanto al perfeccionamiento de los recursos apelativos deben cumplirse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Mojica Rodríguez v. ESSROC,* supra; *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013). La observancia fiel de estas normas cumple con el fin indispensable de "que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí". *Soto Pino v. Radio Uno Group, supra,* pág. 90.

Con relación al término para revisar las resoluciones u órdenes del TPI ante este Tribunal de Apelaciones, la Regla 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, dispone que el recurso de *certiorari* será presentado dentro de treinta días contados desde la fecha de notificación de la resolución u orden recurrida. La misma regla establece que tal término es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari.*

En lo relativo a los plazos y prórrogas para presentar escritos ante este foro intermedio una vez establecido el tribunal electrónico, citamos *in extenso* lo expuesto por nuestro Tribunal Supremo en *Mojica Rodríguez v. ESSROC,* supra, por su entera relevancia a la situación que nos toca dilucidar. Se indicó en dicha Opinión que la Regla 72 del Reglamento del Tribunal de Apelaciones, *In re Enmdas. Reglamento TA, supra,* sobre los plazos para presentar escritos y prórrogas, dispone en el inciso (A) que aquellos escritos que deban ser presentados ante el foro apelativo intermedio dentro de determinado periodo de tiempo y la presentación sea electrónica, el plazo vencerá a las once y cincuenta y nueve de la noche (11:59 p.m.) del día correspondiente. Asimismo, añade lo siguiente:

> **Cuando no sea posible presentar un escrito electrónicamente**, **este deberá ser presentado en la Secretaría del Tribunal de Apelaciones antes del vencimiento del término aplicable y en el horario regular de oficina de las ocho y treinta de la mañana hasta las cinco de la tarde o lo depositará en el buzón de presentaciones disponible desde las cinco de la tarde hasta las once y cincuenta y nueve de la noche en días**

**laborables**. (Énfasis provisto).[6] *In re Enmdas. Reglamento TA, supra.*

En consonancia con los propósitos consignados en la Ley Núm. 201-2003, según enmendada, conocida como *Ley de la Judicatura de 2003*, 4 LPRA sec. 24w *et seq.*, y las normas de interpretación dispuestas en la Regla 2 del Reglamento del Tribunal de Apelaciones, *In re Enmdas. Reglamento TA, supra*, nuestro Tribunal Supremo ha advertido que estas disposiciones deben interpretarse de modo que favorezcan el acceso a los tribunales. *Mojica Rodríguez v. ESSROC*, supra. En ese sentido, el Reglamento está dirigido a, entre otros fines, eliminar obstáculos y barreras que impidan impartir justicia apelativa; implantar el principio de que las controversias se atiendan en los méritos y a que no se desestimen los recursos por defectos de forma o de notificación que no afecten los derechos de las partes. Particularmente, el cuerpo reglamentario pretende "promover el uso de la tecnología para propiciar la atención ágil y diligente" de las controversias sometidas ante la consideración del foro apelativo intermedio. Íd

Entonces, por causa de la entrada en vigor de SUMAC en el Tribunal de Apelaciones el 16 de junio de 2025, fueron aprobadas enmiendas al Reglamento del Tribunal de Apelaciones. Véanse, Art. V, Sec. 7, Const. PR, LPRA, Tomo I; *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR _(2025). Una de tales enmiendas se introdujo a través de la Regla 2.1 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra*, intitulada: *Normas de interpretación sobre la presentación electrónica*. La referida disposición establece que, a partir de la implementación del SUMAC TA, **todos los recursos y escritos se presentarán y tramitarán a través de la mencionada plataforma**. Íd. Asimismo, dispone que **la presentación de escritos a través del SUMAC TA equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones**. Íd.

La referida regla **reconoce tres excepciones a la norma general de presentación electrónica de escritos en el SUMAC**, a saber:

(1) aquellos documentos que no puedan presentarse electrónicamente mediante el SUMAC por tratarse de una persona litigante que se represente por derecho propio, hasta tanto se implemente la tecnología necesaria para esto y se tomen las medidas administrativas correspondientes;

(2) todo documento u objeto que, por su propia naturaleza, por ley o por orden judicial no pueda presentarse electrónicamente; y

**(3) aquellos documentos que por problemas técnicos asociados a la plataforma electrónica no puedan presentarse electrónicamente**. (Énfasis en el original). *In re Aprob. Enmdas. Reglamento TA*, *supra*, según citadas en *Mojica Rodríguez v. ESSROC*, supra

Por último, la disposición reglamentaria prescribe que la presentación electrónica de documentos ante el Tribunal de Apelaciones estará sujeta a lo dispuesto en las *Directrices Administrativas para la Presentación Electrónica de Documentos mediante el Sistema Unificado de Manejo de Casos* (Directrices Administrativas), según enmendadas[3]. *Mojica Rodríguez v. ESSROC*, supra.

A tenor, el 16 de junio de 2025, fueron promulgadas las Directrices Administrativas para, entre otras cosas, proveer unas guías en torno a la presentación, notificación y tramitación electrónica de los escritos judiciales, tanto a nivel de primera instancia como a nivel de los foros apelativos. De igual forma, fueran establecidas algunas de las responsabilidades y deberes de la clase togada en el uso y manejo del SUMAC. *Mojica Rodríguez v. ESSROC*, supra.

La Directriz XIX ilustra que **los inconvenientes relacionados al equipo o a los sistemas del usuario no relevan a una parte del cumplimiento con los términos jurisdiccionales, de estricto cumplimiento o de cualquier otra naturaleza** establecidos en las normas procesales, reglamentarias o legislativas aplicables, o mediante orden judicial. (Énfasis en el original). Id.

Asimismo, la Directriz Administrativa distingue dos posibles escenarios para atender la cuestión de cuando los problemas técnicos asociados a la

---

[3] Aprobadas mediante la Orden Administrativa OAJP-2013-173 de 10 de enero de 2014, según emendada por la Orden Administrativa OAJP-2017-14 de 2 de marzo de 2017, Orden Administrativa OAJP-2021-088 de 13 de diciembre de 2021, Carta Circular Núm. 21 de 13 de diciembre de 2021, Orden Administrativa OAJP-2025-131 de 24 de abril de 2025 y la Carta Circular Núm. 26 de 24 de abril de 2025.

plataforma electrónica no permiten la radicación electrónica. En primer término, expresa que:

> 1) **Cuando la representación legal de una parte no pueda presentar un documento por problemas técnicos del Tribunal Electrónico**, ya sea porque la plataforma se encuentre averiada o en mantenimiento, **presentará el escrito personalmente en la Secretaría del Tribunal con competencia sobre el caso o lo depositará en el buzón de presentaciones del Centro Judicial correspondiente**. Ello deberá ocurrir antes del vencimiento del término aplicable y en el horario regular de 8:30 a.m. a 5:00 p.m. (Negrilla suplida).

> 2) cuando no se pueda presentar un documento por problemas técnicos no atribuibles al Tribunal Electrónico envíe "una moción acreditando los esfuerzos realizados para acceder al sistema junto con el escrito (en formato PDF). (Negrilla suplida).

De igual forma, señala que, en circunstancias particulares y previa notificación a la comunidad jurídica, **la Oficina de Administración de los Tribunales podrá autorizar la presentación de escritos y documentos a través del listado de correos electrónicos que se indica en las Directrices**.

La citada disposición administrativa instruye a la representación legal además, que, con respecto a ambos escritos, el abogado o abogada deberá: (1) enviarlos al correo electrónico de la Región Judicial donde ubica el tribunal con competencia sobre el caso, o al foro apelativo, o (2) presentarlos personalmente en la Secretaría del tribunal competente o (3) depositarlos en el buzón de presentación del Centro Judicial correspondiente o foro apelativo, cuando así sea autorizado. Íd.

Respecto a la notificación del escrito a las demás partes en el caso, la referida disposición reza que el abogado o la abogada, que presente, deposite o envíe cualquier documento por causa de problemas técnicos atribuibles al SUMAC, notificará el mismo a las demás partes en el caso. Ello podrá realizarse ya sea vía correo electrónico o correo postal, según aplique. Sobre este particular, fue aclarado que igual responsabilidad de notificar a las demás partes en el pleito aplica en aquellos escenarios en los que la falla técnica no sea atribuible al SUMAC propiamente. *Mojica Rodríguez v. ESSROC*, supra.

Fue destacado que, para lo que deberá contener la moción que se menciona anteriormente, la Directriz mandata a referirse al Formulario D OAT 1728, intitulado *Declaración sobre Presentación Física o por Correo Electrónico de Moción por Problemas Técnicos del SUMAC* (Formulario). Mediante este Formulario, una parte declara al tribunal, so pena de perjurio, que el documento no pudo presentarse por problemas técnicos del SUMAC. En particular, el Formulario provee varios encasillados con el propósito de que la parte indique: (1) el documento a presentarse, (2) el término para la presentación de este último, (3) la razón por la cual no pudo presentar el documento a través del SUMAC y (4) los intentos realizados de buena fe para la presentación oportuna del referido documento. *Mojica Rodríguez v. ESSROC*, supra.

En cualquiera de los escenarios antes descritos, la Directriz Administrativa contempla que la fecha de presentación del reloj ponchador de la Secretaría o del buzón de presentaciones o la fecha del envío del correo electrónico equivaldrá a la fecha de presentación en el tribunal y no será la fecha en que se cargue electrónicamente el documento al SUMAC.

Por otro lado, la Regla 14 del Reglamento de Tribunal de Apelaciones, *In re Enmdas. Reglamento TA*, *supra*, en su inciso (B), antes inciso (A), establece que cuando sea necesaria la presentación física del recurso, según lo dispuesto en la Regla 2.1 del Reglamento del Tribunal de Apelaciones, la apelación se formalizará con la presentación del original del escrito apelativo en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia recurrido, junto con el arancel correspondiente. *Íd.*

**III. Aplicación del Derecho a los hechos**

No hay controversia sobre el hecho de que, notificada la *Resolución* recurrida el 7 de abril de 2026, el término de treinta días para presentar recurso de *certiorari* vencía el jueves 7 de mayo de 2026. Tampoco hay controversia de que el recurso ante nuestra consideración fue presentado a través de SUMAC el 11 de mayo de 2026, es decir, superado el término reglamentario para ello.

Entonces, la controversia ante nosotros se reduce a determinar si, a la luz de *Mojica Rodríguez v. ESSROC,* supra, acontece alguna circunstancia que posibilite la prórroga al término reglamentario para la presentación del recurso de *certiorari* ante nuestra atención. Con mayor precisión, siendo que las partes están compelidas a radicar los recursos ante este Tribunal de Apelaciones a través de la plataforma electrónica[4], debemos dirimir si, habiendo esgrimido la peticionaria problemas técnicos atribuibles a la página de SUMAC como la causa para no haber presentado el recurso de *certiorari* de manera oportuna, dicha parte cumplió con las gestiones que se deben observar cuando, precisamente, no resulta posible presentar el recurso por dificultades técnicas atribuibles al Tribunal Electrónico. Determinamos que la parte peticionaria no cumplió con tales gestiones.

Al atender la controversia precisada debemos comenzar haciendo una distinción fundamental en el tracto procesal bajo el cual nuestro Tribunal Supremo decidió *Mojica Rodríguez v. ESSROC,* supra, *vis a vis* el caso ante nuestra consideración, y es la siguiente, mientras la parte peticionaria[5] en la referida Opinión depositó su recurso de apelación en el buzón de la Secretaría de este Tribunal de Apelaciones dentro del término jurisdiccional para instarlo, la parte aquí peticionaria nunca presentó su recurso de *certiorari* físico en Secretaría, mucho menos dentro del término de treinta días reglamentario.

Tal distinción cobra gran relevancia porque, según citamos de la Regla 72 de nuestro Reglamento, *supra,* cuando una parte se vea imposibilitada de instar el escrito de manera electrónica, le corresponderá presentarlo dentro del término jurisdiccional o de cumplimiento estricto que corresponda, en la Secretaría de este foro intermedio, si fuera en horas laborables, o utilizando el buzón que para tales casos tiene disponible el mismo foro, si fuera de cinco de la tarde hasta las once y cincuenta y nueve de la noche.

---

[4] Regla 2.1 del Tribunal de Apelaciones, *supra.*

[5] Con referencia al trámite que discurrió ante el Tribunal Supremo la parte en *Mojica Rodríguez v. ESSROC,* supra, era peticionaria, en tanto acudió en recurso de *certiorari* a dicho alto foro, pero ante el Tribunal de Apelaciones era parte apelante, pues solicitó la revocación de una sentencia.

En armonía, la Directriz Administrativa XIX, *supra,* dispone, en lo pertinente, que, cuando no se pueda presentar un documento por problemas técnicos del Tribunal Electrónico, corresponderá a la parte presentarlo en la Secretaría de este Tribunal, dentro del término jurisdiccional o de estricto cumplimiento correspondiente.

La parte peticionaria no cumplió con tales requerimientos.

Reiteramos que, en el caso ante nuestra consideración, una vez la parte peticionaria se percató del problema para radicar electrónicamente el recurso de *certiorari,* **no** lo presentó en la Secretaría de este Tribunal, o utilizó el buzón provisto para entregarlo de manera oportuna, dentro del término de treinta días correspondiente. A esto cabe sumar que dicha parte tampoco presentó el recurso de *certiorari* de manera física en la Secretaría de este Tribunal, o su buzón, al próximo día hábil que contó para ello, el viernes 8 de mayo de 2026, sino que su presentación ocurrió el 11 de mayo de 2026. Esto último, sin duda, es otro elemento que pesó en nosotros para no reconocer que mediara justa causa en la presentación tardía del recurso. De igual forma, tampoco se hizo constancia de que la parte peticionaria hubiese acudido al listado de correos electrónicos habilitados para remitir los documentos pertinentes, acreditando con el debido formulario la información reglamentaria requerida que ya describimos.

Es decir, nuestro ordenamiento sí provee distintas avenidas a las partes cuando confrontan problemas al radicar documentación a través del tribunal electrónico, ninguna de las cuales fue seguida por la peticionaria, y ello nos priva de discreción para extender la prórroga solicitada en la presentación del recurso de *certiorari* ante nosotros. Compréndase que, aunque reconocemos que la peticionaria hizo constancia de haber hechos gestiones con personal del Tribunal Electrónico relativas a la presentación del recurso de *certiorari,* a fin de cuentas, no se atuvo a las medidas reglamentarias discutidas, además de la tardanza en demasía mostrada.

En definitiva, el término para presentar el recurso de *certiorari* en este caso fue transgredido, y, aunque es de cumplimiento estricto, no apreciamos que la parte peticionaria cumpliera con los requerimientos reglamentarios que posibilitan su prórroga.

**IV. Parte dispositiva**

Por los fundamentos antes expuestos, desestimamos el recurso de *certiorari* ante nuestra consideración.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones